IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                           CRIMINAL NO. 5:18-cr-00001-01

D'ANDRE LEE MATHIS

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant D'Andre Lee Mathis's Motion for Immediate Release [Doc. 94], filed on November 9, 2020.

### I.

On January 9, 2018, D'Andre Lee Mathis was indicted on five counts: conspiracy to distribute quantities of oxymorphone, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 (count one); aiding and abetting in the distribution of a quantity of oxymorphone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count two); distribution of a quantity of oxymorphone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (count three); distribution of a quantity of oxymorphone, in violation of 21 U.S.C. § 841(a)(1) on June 12, 2017 (count five); and distribution of a quantity of oxymorphone in violation of 21 U.S.C. § 841(a)(1) on June 13, 2017 (count seven). [Docs. 1 (indictment), 89 at 4 (presentence investigation report)]. Mr. Mathis pled guilty to count two of the indictment on March 28, 2019. [Docs. 71 (plea agreement), 89 at 5].

Prior to sentencing, the probation officer prepared a Presentence Investigation Report ("PSR"). [Doc. 89 at 1]. The Base Offense Level was 20; a two-level increase applied as Mr. Mathis possessed a dangerous weapon in connection with the charge. [*Id.* at 12]. The Adjusted Offense Level was 22 before Mr. Mathis's acceptance of responsibility lowered it to 19. [*Id.*] Mr. Mathis's previous criminal convictions include third degree home invasion and conspiracy to commit home invasion, resisting and obstructing, domestic violence, breaking and entering in a vehicle to steal property less than $200, possession of ammunition by a felon, possession of less than 25 grams of cocaine, larceny of more than $200 but less than $1,000, and several minor offenses. [*Id.* at 14–20]. Mr. Mathis had a total criminal history score of 13, which established a criminal history category of VI. [*Id.* at 20]. Further, Mr. Mathis's probation has been revoked or terminated on at least five occasions. [*Id.* at 14–20]. Mr. Mathis has a prolonged history of drug abuse ranging from marijuana, ecstasy, Xanax, promethazine cough syrup, and "Molly." [*Id.* at 25].

On January 27, 2020, the Court sentenced Mr. Mathis to 63 months in prison and three years of supervised release. [Doc. 86]. Mr. Mathis's prospective release date is January 28, 2023. [*Id.* at 5].

On November 9, 2020, Mr. Mathis filed a Motion for Immediate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 94]. Mr. Mathis asserts that he is eligible for immediate release due to his extraordinary and compelling circumstances. [*Id.* at 3]. Mr. Mathis contends he is considered vulnerable to COVID-19 as an incarcerated African American male with various health ailments including shortness of breath, heavy breathing spasms, blood spotting in his saliva, chest pains, and an active hernia. [*Id.* at 7].

On March 1, 2021, the United States responded. [Doc. 99]. First, the United States provided an extensive background on the Coronavirus (COVID-19) Action Plan implemented by the Bureau of Prisons ("BOP") to reduce the risk of transmission. [*Id.* at 4–6]. Next, the United States asserts that Mr. Mathis did not show that extraordinary or compelling reasons warrant immediate release due to COVID-19. [*Id.* at 9]. Further, the United States asserts that Mr. Mathis is a danger to the community, and the § 3553(a) factors do not support his release. [*Id.* at 11].

Mr. Mathis replied on March 29, 2021. [Doc. 101]. He asserts that he is not a danger to the community. [*Id.* at 1]. Mr. Mathis expanded upon his medical issues listed in his original Motion for Immediate Release. [*Id.* at 2]. Mr. Mathis asserts that he has been diagnosed with COVID-19 twice and was hospitalized as a result of his first diagnosis of COVID-19. [*Id.*]

**II.**

Through the First Step Act, Congress "significantly expanded access to compassionate release under 18 U.S.C. § 3582(c)(1)(A)" by allowing courts to consider compassionate release upon motion by defendants. *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). Prior to making a motion, the defendant must exhaust all administrative rights through the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must: (1) find that extraordinary and compelling reasons warrant such a reduction, and (2) consider the factors set forth in 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. *McCoy*, 981 F.3d at 275. When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Our Court

3

of Appeals determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286.

In the context of the COVID-19 pandemic "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *3 (S.D. W. Va. Jan. 13, 2021) (quoting United *States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (collecting cases)).

### III.

Mr. Mathis's primary argument for release arises from the waning COVID-19 pandemic. [Doc. 94 at 2]. Mr. Mathis asserts that he is at high risk of contracting COVID-19 as an incarcerated African American male with various health ailments. [*Id.*] The United States argues that Mr. Mathis has not shown that an extraordinary or compelling reason exists for his early release inasmuch as 18 U.S.C. § 3553(a) counsels against it. [Doc. 99 at 9].

The Court finds that the § 3553(a) factors do not support Mr. Mathis's release. Mr. Mathis has an extensive criminal record with a violent history and previous drug convictions. Further, Mr. Mathis has violated probation on at least five occasions. [Doc. 89 at 14–20]. Mr. Mathis's Adjusted Offense Level of 19, total criminal history score of 13, and criminal history category of VI were taken into consideration at his sentencing. [*Id.* at 12, 20]. Mr. Mathis's original guideline imprisonment range was 63 months to 78 months. [*Id.* at 27]. Since being incarcerated Mr. Mathis has enrolled in various programs such as the Residential Drug Abuse Program, the UNICOR Work program, and TABE testing to be placed in the appropriate GED class offered by

the correctional facility. [Doc. 101 at 2]. The Court considers the need for the sentence imposed to provide the defendant with necessary educational and vocational training, medical care, and other treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). In this instance the correctional facility is providing Mr. Mathis with the described programs beneficial to Mr. Mathis. None of the applicable 18 U.S.C. § 3553(a) factors weigh in favor of Mr. Mathis's release. Indeed, the applicable sentencing range, the nature and circumstances of the offense, and the history and characteristics of Mr. Mathis all support his continued incarceration pursuant to the imposed sentence, as does the need for the sentence imposed to afford adequate deterrence and protect the public from further crimes.

The Court need not, at this time, scrutinize the BOP's Coronavirus (COVID-19) Action Plan inasmuch as the § 3553(a) factors strongly counsel against Mr. Mathis's release.

## IV.

For the foregoing reasons, the Court **DENIES** Defendant D'Andre Lee Mathis's Motion for Immediate Release. **[Doc. 94]**.

The Court directs the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: June 22, 2021

Frank W. Volk
United States District Judge